

# Fourth Court of Appeals
## San Antonio, Texas

December 29, 2022

No. 04-22-00695-CR

John Bernard **WILLIAMS** III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR6240
Honorable Jefferson Moore, Judge Presiding

# O R D E R

The trial court's certification in this appeal states that the criminal case, "is a plea-bargain case, and the defendant has NO right of appeal." The certification further states, "[T]he defendant has waived the right of appeal." Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). It is therefore **ORDERED** that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless appellant causes amended trial court certifications to be filed within thirty days from the date of this order, showing appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). It if further **ORDERED** that the district clerk file, by **January 5, 2023**, a supplemental electronic clerk's record containing the Court Admonishments, the Waiver, Consent to Stipulation of Testimony and Stipulations, and all other documents relating to the defendant's plea bargain. All other appellate deadlines are **SUSPENDED** pending our resolution of the certification issue.

_____
Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of December, 2022.



MICHAEL A. CRUZ, Clerk of Court